IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MICHELINE HAMMOUDA,,

    Plaintiff,

vs.                                Case No. 4:11cv38-SPM/WCS

HENRY E. MARINES,

    Defendant.

                                /

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint under 42 U.S.C. § 1983. Doc. 1. As Plaintiff has now paid the assessed initial partial filing fee for this case, the complaint has been reviewed pursuant to 28 U.S.C. § 1915A.

Plaintiff is incarcerated at FCI, Tallahassee. The Defendant is an attorney in Miami, Florida. Doc. 1. Plaintiff contends that she hired the Defendant to communicate with the agent who arrested Plaintiff and the prosecutor. Plaintiff contends that counsel lied to her about discussions he had and took her money under false pretenses. Plaintiff contends he was paid to do a job for her, but failed to do so. Plaintiff seeks the return of $2,000 paid to the attorney. *Id.*

Section 1983 imposes liability on one who, "acting under color of state law, deprives a person of 'any rights, privileges, or immunities secured by the Constitution and laws.'" Doe 1-13 By and Through Doe, Sr. 1-13 v. Chiles, 136 F.3d 709, 713 (11th Cir. 1998). Thus, to obtain relief, a plaintiff must show that she was deprived of a federal right by a person acting under color of state law. Patrick v. Floyd Medical Center, 201 F.3d 1313, 1315 (11th Cir. 2000).

The Defendant in this case is not a state actor, but a private attorney hired by Plaintiff. While licensed by the State of Florida, an attorney does not act on behalf of the state when hired by a client. In this case, it is not clear exactly why Plaintiff hired the Defendant, but presumably the Defendant was hired to negotiate or seek a sentence reduction for Plaintiff. Representation by public defenders or retained attorneys of persons accused of criminal offenses is not "state action" and thus gives rise to no liability pursuant to § 1983 absent a conspiracy with state actors. Richardson v. Fleming, 651 F.2d 366, 371 (5th Cir. 1981); Slavin v. Curry, 574 F.2d 1256, 1265 (5th Cir. 1976); Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985). Plaintiff provides no allegations of conspiracy.

Furthermore, to state a claim under § 1983, "a plaintiff must allege facts showing that the defendant's act or omission, done under color of state law, deprived [her] of a right privilege, or immunity protected by the Constitution or laws of the United States." Little v. City of North Miami, 805 F.2d 962, 965 (11th Cir. 1986), *quoting* Emory v. Peeler, 756 F.2d 1547, 1554 (11th Cir. 1985). In other words, Plaintiff must allege that the Defendant deprived her "of a right secured by the 'Constitution and laws' of the United States" and that the Defendant did so "under color of any statute, ordinance,

regulation custom, or usage of any State. . . ." Fadjo v. Coon, 633 F.2d 1172, 1174-1175 (5th Cir. 1981) *quoting* Adickes v. S. H. Kress & Co., 398 U.S. 144, 150, 90 S. Ct. 1598, 1604, 26 L. Ed. 2d 142 (1970); *see* Paisey v. Vitale In and For Broward Co., 807 F.2d 889, 892 (11th Cir. 1986); Lugar v. Edmondson Oil Co., 457 U.S. 922, 930, 102 S. Ct. 2744, 2750, 73 L. Ed. 2d 482 (1981); Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 155, 98 S. Ct. 1729, 1732, 56 L. Ed. 2d 185 (1978). Plaintiff cannot succeed on the second element of this claim either. She alleges no deprivation of a constitutional right, but only a breach of contract.

Accordingly, while Plaintiff *may* possibly have claims for legal malpractice or breach of contract, *see* Weiner v. Prudential Mortgage Investors, Inc., 557 So. 2d 912 (Fla. 3d DCA 1990), no federal constitutional claims are evident. This court lacks subject matter jurisdiction and this case should be dismissed.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on March 4, 2011.

      s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.